UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:18cv103

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **FORFEITURE** *IN REM* |
| Approximately $5,969.00 in United States Currency | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

NOW COMES the United States of America, plaintiff herein, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, in a civil *in rem* cause of forfeiture, and alleges the following:

### NATURE OF THE ACTION

1. This is a civil action *in rem* against U.S. currency and pursuant to the provisions of 21 U.S.C. § 881 and 18 U.S.C. § 981(a)(1)(A).

2. This action seeks the forfeiture of all right, title, and interest in the above-captioned property because the property was furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. §§ 841 and 846.

3. Procedures for this action are mandated by 21 U.S.C. § 881, 18 U.S.C. § 983, 19 U.S.C. §§ 1602-1621 and, to the extent applicable, the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

4. This Court has venue in this matter pursuant to 28 U.S.C. § 1395.

5. The defendant property has been seized on land, is now within, and during the pendency of this action will remain within the Western District of North Carolina.

6. The Defendant is all present and future interest in the following property: Approximately $5,969.00 seized incident to the execution of a search warrant

1

## THE METHAMPHETAMINE TRAFFICKING ORGANIZATION

7. In July 2016, as part of an ongoing investigation, McDowell County Sheriff's Office (MCSO) and N.C. State Bureau of Investigation (NCSBI) started an investigation pertaining to the Jamie Leonard Tate.

8. On April 18, 2017, an ongoing joint task force investigation into a crystal methamphetamine trafficking organization concluded with the arrests of, among other individuals, ringleader Jamie Leonard Tate.[1]

9. The Task Force was comprised of multiple local, state, and federal law enforcement entities including the Drug Enforcement Administration (DEA), Asheville Police Department, and the McDowell County Sherriff's Office.

10. MCSO and NCSBI Officers conducted numerous surveillances and controlled undercover purchases of methamphetamine from Tate at 179 Watson Road, Nebo, NC.

11. On November 1, 2016, the Drug Enforcement Administration and Asheville Police Department opened a case on the Tate Drug Trafficking Organization (KF-17-0001).

12. Agents and Task Force Officers (TFOs) continued to make undercover purchases from Tate.

13. Trackers were also placed on Tate's vehicles and pole cameras were installed to observe activity at 179 Watson Road, Nebo, N.C., per State Court Orders.

14. On Monday, January 23, 2017, NCSBI Agent Randy Wood received a State Court Order to monitor Tate's telephones.

15. On that same date, DEA-APOD, NCSBI, and MCSO monitored Tate's two (2) telephones.

16. William Jackie Pearson, Tate's father, was calling Tate from a halfway house (the calls were intercepted via Title III).

17. On Friday, January 27, 2017, Pearson was released from the halfway house and place on Federal Probation.

18. After being released, Pearson began working for Tate by conducting poly-drug sales at a residence located at 179 Watson Road, Nebo, NC and making deliveries.

---

[1] This case is related to United States v. 100 Stacy Farms Road, Civil Action No.: 1:17-CV-183 (Real Property Related to the Tate Drug Trafficking Organization) pending in United States District Court for the Western District of North Carolina, Asheville Division.

19. Based on electronic surveillance it was determined that Pearson retrieved at least three (3) ounces of cocaine in Morganton, NC for Tate.

20. The Title III investigation was limited to a ninety (90) day duration during which Pearson talked with Tate on a daily basis.

21. Pearson and Tate primarily discussed arranging and brokering drug sales.

22. On Wednesday, April 17, 2017, ten (10) arrest warrants were issued for members of the Tate Drug Trafficking Organization.

23. The charges included Trafficking, Manufacturing, and Conspiracy to Distribute Methamphetamine.

24. Officers also obtained five (5) search warrants for the residences associated with the subjects.

25. On Thursday, April 18, 2017, arrest and search warrants were executed on the members of the Tate's Drug Trafficking Organization.

26. Officers attempted to arrest Pearson at his residence, but could not locate Pearson.

27. During the search warrant execution for Pearson's residence, Officers located and seized $20,000.00 from Pearson's bedroom.

28. Officers attempted to locate Pearson, but were unsuccessful.

29. On that same date, seven (7) members of the Tate's organization were arrested and placed into McDowell County Jail.

30. The search warrants yielded and seized approximately $587,000.00 U.S. Currency; twenty-five (25) pounds of methamphetamine; smaller amounts of fentanyl, heroin, marijuana; and five (5) vehicles.

31. On Thursday, June 15, 2017, an additional ten (10) members of the Tate Drug Trafficking Organization were arrested.

32. One of the members known as Robert Todd Guffy was interviewed by Lt. Chris Taylor (MCSO).

33. Guffy stated that Pearson approached him—after Tate's arrest—to discuss whether Guffy might begin selling cocaine for Pearson.

34. On Monday, July 17, 2017, Pearson, a fugitive with pending multiple state drug distribution charges, was arrested at 190 Kimel Park Drive, Winston-Salem, NC by the USMS and charged with Probation Violations.

35. During a search incident to his arrest, USMS Deputy Mike Penland, located approximately $5,969.00 in U.S. Currency on Pearson's person.

36. Based on the Deputy's familiarity with the ongoing investigation and the circumstances leading to arrest, the Deputy seized the currency as drug proceeds.

37. On July 18, 2017, MCSO Lt. Chris Taylor and Detective Eric Rodriguez traveled to Winston-Salem, NC and collected the $5,969.00 U.S. Currency, Exhibit N-6, and transported it back to MCSO.

38. A K-9 sniff was conducted on the U.S. Currency by a K-9 from MCSO, and a K-9 from NCSHP, where both alerted to the presence of narcotics on Exhibit N-6 seized from Pearson.

39. Pearson is a known drug trafficker, with an extensive criminal drug history; and has been investigated and identified as a major lieutenant in the Tate Drug Trafficking Organization.

40. Pearson has been observed on surveillance and was intercepted on the T-I II, transporting /distributing "ICE", heroin, and marijuana.

41. Pearson has no employment history.

42. Currently, Pearson is incarcerated at Forsyth County Jail.

43. Based upon the totality of the facts and circumstances, the Defendant property is proceeds traceable to transactions and exchanges for controlled substances or listed chemicals in violation of Chapter 13, Drug Abuse Prevention and Control, of Title 2l of the United States Code, §§ 801 et seq.; and used or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations, and proceeds thereof, punishable by more than one year's imprisonment of Chapter 13, Drug Abuse Prevention and Control, of Title 2l of the United States Code, §§ 801 et seq.; and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and (7).

44. By virtue of the foregoing, all right, title, and interest in the defendant property vested in the United States at the time of the commission of the unlawful acts giving rise to forfeiture, 2l U.S.C. § 881(h), and has become and is forfeitable to the United States of America.

45. Upon information and belief, the following persons may have or claim an interest in the defendant property:
                        Mr. William Jackie Pearson
                        Cherokee County Detention Center
                        577 Regal Street
                        Murphy, N.C. 28906

# PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully prays the Court that:

(1) a warrant for the arrest of the Defendant be issued;

(2) due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) judgment be entered declaring the defendant to be condemned and forfeited to the United States of America for disposition according to law; and

(4) the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of defendant property as required by 28 U.S.C. § 1921.

**R. ANDREW MURRAY**
**UNITED STATES ATTORNEY**

<u>Tiffany Mallory Moore</u>
Assistant United States Attorney
Western District of North Carolina
227 West Trade Street
Suite 1650
Charlotte, North Carolina 28202
Phone: 704-344-6222
Fax: 704-227-0248
Tiffany.Moore2@usdoj.gov